# Wytheville.

## SHEFFEY'S EX'OR v. GARDINER.

### August 14, 1884.

1. VENDOR AND VENDEE—*Warranty of Title—Entry or Eviction.*—When premises are in actual possession of third party, under paramount title at date of conveyance, it is unnecessary either to aver or to prove actual entry or eviction in action for breach of warranty of title to land.
2. IDEM—*Estoppel.*—Because deed recites that "immediate possession is delivered," and declaration avers no eviction, covenantee is not thereby estopped to deny that he got possession.
3. IDEM—*Breach—Measure of Damages.*—The rule as to the measure of damages to which vendee is entitled upon a breach of warranty of title, is the amount of purchase money paid by him, with interest from date of eviction. *Threlkeld* v. *Fitzhugh,* 2 Leigh, 451, approved by *Click* v. *Green & Sadler,* 77 Va. 827.

Error to judgment of circuit court of Symth county, rendered 28th September, 1883, in an action of covenant for breach of warranty of title wherein Thomas E. Gardiner was plaintiff and John P. Sheffey, executor of James W. Sheffey, deceased, was defendant.

At the date of vendor's deed of conveyance to Gardiner, part of the land conveyed was possessed by one David B. Clark, under superior title, and Gardiner never got actual possession of such part. The deed, made part of declaration on defendant's craving oyer thereof, recited that "immediate possession is delivered to said Gardiner, he accepting Jacob Gregory as his tenant on the terms of his contract with Sheffey." No actual eviction was

averred. At the trial, defendant asked for five instructions, whereof it is necessary to give only the third and the fourth, which the court refused to give, and the defendant excepted.

### Instruction No. 3.

The court further instructs the jury that if they shall believe from the evidence that James W. Sheffey sold and conveyed to plaintiff the tract of land in the deed mentioned, supposing the said tract of land to contain 300 acres as set forth in the said deed; and that the land in controversy was embraced within the boundaries of said deed, but that the said land was at the time owned by David Clark and in his open and notorious possession, and that the said Sheffey did not sell, or intend to sell, and that the said plaintiff did not buy, or intend to buy, the land in controversy, but that it is afterwards ascertained that by reason of embracing the said land in said boundary, there is a deficiency in the number of acres in said tract of land, then the measure of plaintiff's damages is the average value per acre of said deficiency to be ascertained by the purchase price agreed to be paid therefor.

### Instruction No. 4.

The court further instructs the jury, that if they believe from the evidence that Thomas E. Gardiner, in estimating the value of the land purchased by him from said Sheffey, and in fixing the price he agreed to pay for it, did not give or fix any special value per acre to the land in controversy over and above the average value per acre of the whole land, and if they further believe that the plaintiff is entitled to recover damages, then they must fix the damages for the land lost at the average price per acre of the land sold by said Sheffey to said Gardiner.

The jury found for the plaintiff and assessed his damages at $485, with interest from 16th October, 1861, till paid, and there

was judgment accordingly, to which judgment Sheffey's executor obtained a writ of error and *supersedeas*.

*White & Buchanan,* for the plaintiff in error.

*Gilmore & Penn,* for the defendant in error.

HINTON, J., delivered the opinion of the court:.

This was an action to recover damages for a breach of covenant of warranty of title to twelve acres and eighty-two poles of land, which are included within the boundary lines set out in the deed of conveyance from the testator of the plaintiff in error to the defendant in error, Thomas E. Gardiner, but which, in point of fact, were, at the time of the execution of said conveyance, and still are, in the possession of one David B. Clark, who holds them by a paramount title. At the trial the plaintiff in error demurred to the declaration, and he now insists that the demurrer ought to have been sustained. It is argued, as matter of law, that the covenant to warrant the title to land cannot be broken until the covenantee has been actually evicted or turned out of the premises, and he, therefore, argues that the declaration is faulty in failing to allege an actual eviction. In this, however, he is mistaken. There are, undoubtedly, authorities which hold that there can be no breach of warranty of title, or warranty for quiet enjoyment, and there seems to be no difference between these warranties upon this point until there has been an actual eviction, and this view has received some slight support from the *dicta* of certain of the judges in this state *Dickinson* v. *Hoome's adm'r,* 8 Gratt. 353 ; *Findley* v. *Toncray,* 2 Rob. R. 374. But such is clearly not now the accepted doctrine, nor is it supported by the weight of reason or authority, as a brief reference to a few of the many cases, elsewhere decided, in which this subject has come under review, will show.

In *Cloake* v. *Hooper,* Freem. 122, *S. C.,* 6 Vin. 427, the

action was upon an express covenant for quiet enjoyment. The plaintiff set forth in his declaration that the lands belonged to the king. On demurrer it was objected that the plaintiff did not allege an entry, and so could not be disturbed. But judgment was given for the plaintiff; "for," said the court, "having set forth a title in the patentee of the king, the plaintiff shall not be enforced to enter and subject himself to an action by a tortious act." The same principle was adjudged in *Hacket* v. *Glover*, 10 Mod. 143, and in *Ludwell* v. *Newman*, 6 T. R. 458, it was decided that a covenant for quiet enjoyment in a lease meant a legal entry and enjoyment, and was broken by a prior lease to another, who had taken possession. In *Gardner* v. *Ketaltas*, 3 Hill 330, Nelson, Ch. J., said: "The covenant for quiet enjoyment means to insure to the lessee a legal right to enter and enjoy the premises, and if he is prevented from entering into the possession, by a person already in under a paramount title, the action may be sustained. That was decided in *Ludwell* v. *Newman*, 6 T. R. 458. In such a case no ouster or expulsion is necessary on which to predicate a suit, as the lessee is not bound to enter and commit a trespass." In *Winslow* v. *McCall*, 32 Barb. 241, the action was breach of covenant of warranty and quiet enjoyment, and the premises conveyed were, at the time of the conveyance, in the possession of a third person, and the covenantee was never actually in the possession, yet it was held that he could recover. In *Banks* v. *Whitehead*, 7 Ala. (N. S.) 83, it was held that in an action of covenant upon a general warranty, the averment that " at the sealing and delivery of the deed one N. had the lawful title, freehold and possession of the land warranted, and still continues so to have by reason thereof, the grantee is and always has been unable to recover possession," shows a sufficient breach of the covenant, and is equivalent to the assertion of a legal ouster. In *Moore* v. *Vail*, 17 Ill. 190, it was held that if at the time the conveyance was made the land or premises conveyed are in the possession of a third person, claiming under a paramount title, it

amounts to an instant eviction. In *Park* v. *Bates*, 12 Vt. 381, the action was upon a covenant of warranty, and it was claimed that there was no eviction, because the plaintiff had never taken possession. Williams, C. J., said : "When the grantee goes into possession under his deed, he can maintain no action on his covenant unless there is an eviction. Speaking technically, there has been no eviction here, because an eviction means an entry and expulsion. But there are many cases where an action may be maintained on this covenant without such an eviction, when the grantee has been prevented from entering and enjoying the premises. \* \* \* \* \*
I apprehend that in the covenant for quiet enjoyment, and *a fortiori*, on this covenant of warranty, it is not necessary to state or prove a technical eviction, but the action may be maintained, if the plaintiff is hindered and prevented, by any one having a better right, from entering and enjoying the premises."

In *Duvall* v. *Craig*, 2 Wheat. 62, Judge Story said: "If the grantee be unable to obtain possession in consequence of an existing possession or seizin by a person claiming and holding under an elder title, this would be equivalent to an eviction and breach of covenant." In *Grist* v. *Hodges*, 3 Dev. (N. C.) 200, Ruffin, J. in delivering the opinion of the court, thus clearly states the law upon this subject: "The existence of an incumbrance, or the mere recovery in a possessory action under which the bargainee has not been actually disturbed, are held," says he, "for technical reasons, not to be breaches of a covenant for quiet possession, or, in other words, of our warranties. But that is a very different case from this, in which the bargainee never, in fact, was in possession, but was kept out by the possession of another, under better title existing at the time of sale and deed, and ever since. \* \* \* \*. \* \* the existence of a better title, with an actual possession under it in another, is of itself a breach of the covenant. It is manifestly just that it should be so considered, for otherwise the covenantee would have no redress but by making himself a trespasser by an actual entry,

which the law requires of nobody, or by bringing an unnecessary suit, *for the event of that suit proves nothing in the action on the covenant.* But upon ꝑurely legal grounds, it is so. For, as between bargainor and bargainee, the latter is in by force of the statute of uses. It is upon that idea that the legal estate is acquired by a deed of bargain and sale. It passes the use, and the statute carries the possession. It is so in the conveyance by lease and release. There must be a possession for the latter to operate on. But it is not an actual possession; at least the actual entry need not be proved. The statute transfers the possession, and the lessor cannot say it was not actual, for the purpose of defeating his subsequent release. As between the parties, then, the bargainee is, on strict principles, in; but if there be in reality an adverse possession, he can only be held to be in for an instant, for there will be no implication against the truth, further than is necessary to make the deed effectual for its purposes. If such adverse possession be upon title paramount, then there is an eviction of the bargainee *eo instanti* that the possession conferred by the statute takes place, for the eviction need not be by process."

And Rawle in his book on covenants for title concludes a careful and thorough discussion of the subject with the remark that: "The rule, therefore, as best supported by reason and authority would seem to be this: where, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment, or of warranty, will be held to be broken, without any other act on the part of the grantee or the claimant; for the latter can do more towards the assertion of his title, and, as to the former, the law will compel no one to commit a trespass, in order to establish a lawful right in another action." *Noonan* v. *Lee,* 2 Black, 507; *Shattuck* v. *Lamb,* 65 N. Y. 499; *Small* v. *Reeves,* 14 Ind. 163; *Witty* v. *Hightower,* 12 S. & M. 478; *Playter* v. *Cunningham,* 21 Cal. 229; *Haffey's Heirs* v. *Birchetts,* 11 Leigh, 90.

It being then well settled, that it is not necessary for the covenantee, when the premises are in the actual possession of a third party holding by a paramount title at the time of the execution of the conveyance, to prove either an actual entry or eviction, it cannot be necessary that the declaration should contain an averment of either of these facts. And, accordingly, we find it stated that there is in 5 Wentworth's Pl. 53, a form of declaration in an action of covenant where the breach assigned is that the plaintiff was hindered and prevented from entering, and was kept out of possession. *Shattuck* v. *Lamb, supra; Cloake* v. *Hooper*, Freem. 122. But if I could have the slightest doubt upon this point, the matter must nevertheless be regarded as finally put at rest by the very broad and comprehensive terms of our statute, which provides, that " on demurrer, unless it be to a plea in abatement, the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading, or not, unless there be omitted something so essential to the action or defence that judgment, according to law and the very right of the cause cannot be given." V. C., 1873, ch. 167, § 32.

For substantially the same reasons I am of opinion that the second ground of demurrer assigned by the plaintiff in error is not well taken. His contention is, that the deed which was made a part of the declaration by oyer admits that the plaintiff received possession of the land conveyed to him, and that as there is no allegation in the declaration that he was afterwards evicted or ousted by title paramount, he, the "plaintiff, is estopped from denying that he ever received possession."

Now, upon a fair construction of that deed, it appears that the possession spoken of is not actual possession, but only such possession as is conferred by the statute, and this possession, as we have before shown, is ousted *eo instanti* there is an execution of the conveyance, and there is no necessity for alleging an actual ouster. Any other construction would allow the plaintiff

in error to invoke certain recitals in his deed to defeat the obvious purpose of the instrument taken as a whole. The demurrer, was, therefore, properly overruled.

After an examination of the other grounds of exceptions set out in the petition of the plaintiff in error, I am of opinion that there is but one error to be found amongst them, but for that error the judgment must be reversed. The third and fourth instructions prayed for by the plaintiff in error correctly propound the rule as to the measure of damages by which the jury should have been governed in reaching their verdict in this case, and and should, therefore, have been given. 2 Min. Inst. s. p. 650, and cases there cited. The refusal to give these two instructions therefore was error to the manifest prejudice of the plaintiff in error. And for this error I am of opinion to reverse the judgment and remand the cause for a new trial.

JUDGMENT REVERSED.