# Richmond.

## Marbury and al. v. Thornton.

### December 16th, 1886.

1. Land—*Warranty of title—Breach.*—Covenants of warranty of title run with the land for the protection of the owner in whose time the breach occurs. But to constitute such breach plaintiff must be evicted, or prevented from taking possession by another in possession under paramount title.

2. Idem—*Declaration—Demurrer—Case at bar.*—Declaration not averring that the plaintiff was evicted, or kept out of possession by one in possession under paramount title, is bad on demurrer. Declaration in. case at bar contains no sufficient averment to that effect.

3. Idem—*Incumbrances—Broken covenants pass not.*—Covenant of warranty can never be treated as a covenant against incumbrances, else it would be broken as soon as made, if the incumbrance pre-existed the deed, and would become a mere right of action not assignable at law, and could not pass to the grantee of the land. *Dickinson* v. *Hoomes*, 8 Gratt., p. 395.

Error to judgment of circuit court of city of Alexandria, rendered October 2, 1882, in an action of covenant, wherein William H. Marbury and M. D. Ball were plaintiffs, and Joseph Thornton was defendant. On 17th August, 1869, Thornton and wife, and William H. Dulaney, commissioner, conveyed a tract of land to W. H. Davis with special warranty. On same day Davis conveyed the land to W. H. Dulaney, in trust to secure $150,000 of negotiable notes which were due and unpaid. At the time these deeds were executed, one J. D. Thorpe had on the land an incumbrance for $29,620.51. In

May, 1882, Marbury and Ball filed their declaration in cove-
nant against Thornton to recover $65,000 as damages for the
alleged breach of special warranty. But the declaration con-
tained no averment that plaintiffs ever were in possession of
the land, or were entitled to the possession. Thornton craved
oyer of the deeds, and demurred to the declaration. The cir-
cuit court sustained the demurrer, and gave judgment for
defendant. To this judgment a writ of error and *supersedeas*
was awarded.

*W. Willoughby*, for plaintiffs in error.

*C. W. Wattles* and *George A. Mushback*, for the defendant in
error.

HINTON, J., delivered the opinion of the court.

This is an action of covenant to recover damages for alleged
breach of a special warranty of title brought by William H.
Marbury and M. Dulaney Ball, substituted trustees, &c., as
plaintiffs against Joseph Thornton, defendant.

The declaration avers that on the 17th day of August, 1869,
Thornton and wife, and William H. Dulaney, commissioner of
sale, sold and conveyed to William H. Davis, who took imme-
diate possession thereof, a certain tract of land situate in the
county of Fairfax, for the sum of $150,000. That on the same
day Davis conveyed the same land to William H. Dulaney in
trust to secure the negotiable notes given for said purchase
price; that a portion of said notes, amounting to $75,000, were,
before they became due, endorsed and transferred by the
defendant to different parties for value and without notice of
any defect in the security therefor, and no part of said notes
have been paid; that afterwards, Dulaney having died, the

plaintiffs were, by order of court, substituted as trustees in his stead; that before and at the time of the execution of these deeds, one Joseph D. Thorpe had a lien or incumbrance on the said premises for $29,620.81, with interest.

At the trial the defendant, Thornton, craved oyer of the said deeds and demurred to the declaration; when the court sustained the demurrer and gave judgment for the defendant. And it is this action of the court we are now called upon to review.

That the declaration is not sufficient in law seems clear. It is well setted that the covenant of warranty runs with the land for the protection of the owner, in whose time the breach occurs and that it may be enforced by the covenantee, and his representatives and assigns, but it is equally well settled that to constitute a breach of such a covenant there must be an eviction, or the plaintiff must be prevented from taking possession of the premises by another in possession under a better title existing at the time of the sale and deed. *Dickinson* v. *Hoomes*, 8 Gratt. 396; *Sheffey* v. *Gardiner*, 79 Va. 313; *Grist* v. *Hodges*, 3 Dev. N. C. 200; *Parks* v. *Bates*, 12 Vt. 381.

In this declaration there is no averment that the trustees were kept out of possession of the premises by any person or persons in possession under a paramount title, or that they were evicted by judgment of eviction followed by ouster. And the mere statement in the declaration, "that in consequence and in pursuance thereof (meaning in consequence and in pursuance of Thorpe's lien and incumbrance) the said plaintiffs have been disturbed in and evicted from the possession and enjoyment of said tract of land "cannot be regarded either as an averment that the trustees were ever in possession of the said tract of land, or that they have been evicted therefrom. Indeed, when we look to the deed of trust from which these trustees derive their powers, we find that it was only contem-

plated that they should have power to sell and convey to the
purchasers upon default in the payment of the·notes.

As suggested by the counsel for the defendant in error, it is
plain that the declaration was drawn upon the idea that the
mere existence of Thorpe's prior lien and incumbrance was of
itself a breach of the covenant of warranty and was of itself
equivalent to an eviction. In point of fact, however, these trus-
tees had no right to possession of the premises at the time of
the execution of the deed of trust, for by the terms of the deed
Davis was expressly left in possession until default should be
made in the payment of the notes, which could not happen in
less than a year from the date of the execution of the deed.
Not being entitled to the possession thereof, it would seem
impossible that they should claim to have been kept out of it
by any one holding possession under a paramount title.

A covenant of warranty, however, can never be treated as a
covenant against mere incumbrances. *Grist* v. *Hodges, supra ;*
*Findlay* v. *Toncray,* 2 Rob. 379. But if a covenant of war-
ranty could be treated *merely* as a covenant against incum-
brances, the incumbrance of Thorpe's being prior to the deed
from Thornton it was broken the instant Thornton's deed
was executed, and thus became a mere right of action not
assignable at law and which could not pass by the deed of trust
from Davis to Marbury and Ball. 2 Wait's Actions and·
Defences, 1380; *Dickinson* v. *Hoomes, supra.*

In any respect in which we may view the case, it seems clear
that Davis was the only party who could sue upon the cove-
nant, even if Thorpe's incumbrance could be regarded as a
breach of such a covenant.

The judgment of the circuit court of Alexandria is right
and must be affirmed.

JUDGMENT AFFIRMED.