# Wytheville.

## JONES V. RICHMOND.

### July 9th, 1891.

BREACH OF COVENANT—*Declaration—Paramount title—Parties—Demurrer.*—In action of covenant plaintiff declared that defendant had for value conveyed to him certain land with general warranty, and delivered possession thereof; that plaintiff had in turn conveyed and delivered same in like manner to third party; that a claimant of said land, under paramount title, had threatened to oust him and his grantee from possession; that to prevent such ouster he had been obliged to pay to claimant such a sum as his claim was reasonably worth; that defendant had had notice of all thereof, but had refused to interfere to prevent such ouster, and that thereby he, the defendant, had broken said covenant of general warranty, and plaintiff demanded $1,000 damages; to this declaration defendant demurred, and the demurrer was sustained;

HELD:

No error; because (1) an action for breach of covenant cannot be maintained where no ouster is alleged; (2) such action cannot be maintained by one who has parted with the title conveyed by the deed, the covenants of which are alleged to have been broken.

Error to judgment of circuit court of Wise county, rendered September 16th, 1890, in action of covenant, wherein D. C. Jones was plaintiff, and J. C. Richmond was defendant. Verdict and judgment being against the defendant, he brought the case here on writ of error. Opinion states the case.

*Bullitt & McDowell*, for plaintiff in error.

*A. L. Pridemore* and *J. B. Richmond*, for defendant in error.

LACY, J., delivered the opinion of the court.

This action is covenant, and the complaint of the plaintiff, in the circuit court, the plaintiff in error here, is that the defendant conveyed to him, for a valuable consideration, a certain lot of land in the town of Big Stone Gap, in the said county of Wise; and that the said defendant, by his deed to the said plaintiff, covenanted for himself and his heirs, with the said plaintiff and his heirs, that the said defendant and his heirs would warrant and forever defend to the said plaintiff, his heirs and assigns, the title to the said lot of land, against all persons whomsoever, as by the said deed referred to would appear; but that the defendant had broken this covenant, in that at the time of making said deed one Rachel S. Gibson and C. A. Gibson, her husband, had lawful title to said land, and afterwards sold said lands to I. F. Necessary, who thereupon acquired title to said land; that, prior to this sale to Necessary, Gibson and wife threatened to bring suit against the plaintiff and his grantees for possession and title of said land; and the said Necessary, as soon as he purchased the said land, made the same threats, and was about to proceed at once to carry said threats into execution, and to oust plaintiff and his grantees from the possession of the said land; that of all of this said defendant had full notice, but refused to take any steps to prevent the plaintiff and his grantees from being ousted from the said land; that the plaintiff was bound to protect the persons to whom he had sold in the quiet enjoyment thereof; that nevertheless two of the persons, to-wit, W. H. Harris and R. H. Jones, who held said land under the plaintiff, agreed to pay a part of such sum as might be necessary to purchase the said claim of said Necessary, and plaintiff agreed to pay the residue; that they purchased the claim of said Necessary at $975, and were unable to get it for any less, and that it was reasonably worth as much as that; and the plaintiff paid $500 of this amount; and that then Neces-

sary conveyed the said land to W. E. Harris, and claimed $1,000 damages. To this declaration the defendant demurred, and the circuit court, by the order in the case of the 16th of September, 1890, sustained the said demurrer, and gave judgment for the defendant, and his costs. Whereupon the said plaintiff applied for and obtained a writ of error to this court.

The grounds of the demurrer were (1) that the declaration did not set forth an eviction nor disturbance of his possession : (2) that the declaration showed that the plaintiff had parted with and disposed of by grant to another the land in question, and had, therefore, no right to maintain the suit, no breach having occurred in his time.

First. The declaration sets forth the existence of an adverse and paramount claim of title by another against the land, which was asserted only, but which proceeded to no entry or dispossession of the grantee in possession of the land, nor was there any assertion of a surrender of the possession to the rightful owner by legal process. But the eviction set forth is by an adverse assertion of a paramount title. It is conceded by the declaration that there has been no actual eviction or disturbance of the possession by ouster, because the possession of the grantee of the plaintiff is distinctly averred. But the assertion of a title paramount by a third person is held and claimed to be an eviction. It is said by Mr. Rawle (Rawle, Cov. p, 144) that nothing is more generally or truly said than that an eviction is necessary to a breach of the covenants for quiet enjoyment or of warranty. A covenant for quiet enjoyment, says Mr. Chief-Justice Gibson, in *Stewart* v. *West*, 14 Pa. St. 338, which resembles the modern covenant of warranty, differs from it in this : That the former is broken by the very commencement of an action on the better title ; and any entry and dispossession adversely and lawfully made under paramount title will be an eviction, and whenever such a right is exercised it is considered to have all the force and effect of a dispossession under legal process. Mr. Minor says, as to the

covenant of title (2 Int. 720), it is supposed to be in fact and in essence substantially the same as a covenant or quiet enjoyment, and it is believed that no action lies upon it until actual eviction, or at least disturbance of the possession. 2 Lomax, Dig. 355, 356; *Emerson* v. *Proprietors*, 1 Mass. 464; *Findlay* v. *Toncray*, 2 Rob. (Va.) 374, 379; Rawle, Cov. 210, 211; *Marbury* v. *Thornton*, 82 Va. 702. " The existence of an incumbrance, or the mere recovery in a possessory action under which the possession has not been actually disturbed are held, for technical reasons, not to be breaches of a covenant for quiet possession, or, in other words, upon warranties." An adversary dispossession or a compulsory yielding up of the possession constitutes an actual eviction. A constructive eviction is illustrated by the case in which the eviction is deemed to be caused by the inability of the purchaser to obtain possession by reason of the paramount title. Thus, as was tersely said by Chief-Justice Ruffin (*Grist* v. *Hodges*, 3 Dev. 200), the existence of a better title, with an actual possession under it in another, is of itself a breach of the covenant. It is manifestly just that it should be so considered, for otherwise the covenantee would have no redress but by making himself a trespasser by an actual entry, which the law requires of nobody, or by bringing an unnecessary suit, for the event of that suit proves nothing in the action on the covenant. But upon purely legal grounds it is so; for, as between the bargainor and the bargainee, the legal estate is acquired by the deed. * * * As between the parties, the bargainee is on strict principles in; but, if there be in reality an adverse possession, he can only be held to being in for an instant, for there will be no implication against the truth further than is necessary to make the deed effectual for its purposes. If such adverse possession be upon paramount title, then there is an eviction of the bargainee *eo instanti* that the possession takes place, and the eviction need not be by process. And Mr. Rawle says (Rawle, Cov. 154): " The rule, therefore, as best supported by

reason and authority, would seem to be this: Where, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken, without any other act on the part of either the grantee or the claimant; for the latter can do no more towards the assertion of his title, and as to the former the law will compel no one to commit a trespass in order to establish a lawful right in another action." The declaration, as we have seen, does not set forth such an eviction, but avers the undisturbed possession of the grantee. There is no allegation of an eviction, and, upon the first ground of demurrer stated, the demurrer was properly sustained.

As to the *second* ground, we will remark, briefly, that such a covenant as this passes with the land, and is binding on the land, and in favor of assignees, although assigns are not expressly named; but the liability of the assignee is confined to the period of his occupancy, or of his interests in the land; and it is said that no covenant which is broken is capable of being assigned at law. When, therefore, a covenant is violated, the suit must be brought by the party at that time interested, and not by one to whom the land may afterwards come by assignment. The second ground of demurrer is therefore fatal, also, to the declaration, which distinctly avers the conveyance to and possession of another under the plaintiff. The result is that the demurrer was properly sustained to the declaration, and, as the suit could not be maintained by the plaintiff, judgment was rightly rendered for the defendant, and there is no error in the said judgment, and the same must be affirmed.

JUDGMENT AFFIRMED.