Syllabus.

---

# Staunton.

MORGAN v. HALEY.

September 12, 1907.

107    331.
f110   425

1. JUDGMENTS—*Collateral Attack—Partition—Equity Jurisdiction.*—While a suit for partition under section 2562 of the Code cannot be made a substitute for an action of ejectment, still a court of equity has jurisdiction to partition land under some circumstances, although the defendant claims title to the whole tract, when he or those under whom he claims title was a joint owner with the complainant or those under whom he claims title. If such jurisdiction is upheld by the court in the partition suit, its decree, even if erroneous, cannot be collaterally assailed in another suit.

2. BREACH OF WARRANTY—*Eviction—Actual or Constructive.*—In order to maintain an action for the breach of a covenant of warranty, there must have been an eviction. Generally, the eviction must have been actual, but sometimes a constructive eviction is sufficient. Constructive eviction is sufficient where the premises are in the actual possession of a third person under a paramount title at the date of the conveyance. It is also sufficient where the covenantee is compelled to purchase the paramount title, the validity of which has been established by the judgment or decree of a court of competent jurisdiction and ordered to be sold at public auction.

3. COVENANTS OF WARRANTY—*Breach—Notice of Suit—Request to Defend.*—In order that the proceedings in a suit against a covenantee to recover the land by paramount title may be conclusive on the covenantor, when sued upon his covenant of warranty, it is necessary not only that distinct and unequivocal notice be given to the covenantor of the pendency of the suit to recover the land, but he must also be requested to appear and defend it.

4. COVENANTS OF WARRANTY—*Breach—Measure of Damages—Counsel Fees.*—In an action by a covenantee to recover damages for a breach of a covenant of warranty of land, which he has lost by title paramount, the measure of the plaintiff's damages is the price paid for the land, with the interest from the date of eviction, and the legal and taxable costs expended by him in the action in which he was evicted. Fees paid to counsel for defending the title are not recoverable.

Error to a judgment of the Circuit Court of Lee county, in an action of covenant. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Pennington Brothers,* for the plaintiff in error.

*Orr & Noel* and *Duncan & Cridlin,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

John D. Morgan, the plaintiff in error, sold and conveyed a tract of land to Sanders Spurlock, with covenants of general warranty; and Spurlock sold and conveyed the same to Frances Haley, the defendant in error, who instituted this, her action of covenant against Morgan to recover damages for the loss of a portion of the land by title paramount, as alleged in her declaration.

The first error assigned in the petition, and which raised the question as to the proper method of declaring on a lost deed, was waived in oral argument.

The second assignment of error is to the action of the court in admitting in evidence a copy of a deed, because it was not properly certified by the clerk of the court, in whose office it was recorded.

The copy was attested as follows: "A copy, Teste: H. C. T. Ewing, Clerk."

If the certificate had stated that the person making it was clerk of the court, in whose office the deed was recorded, or had used initials to show that fact, under the decisions of *Gibson* v. *Com'th,* 2 Va. Cases 111, 120, *Wynn* v. *Harman,* 5 Gratt. 157, 165-6, and *Usher* v. *Pride,* 15 Gratt. 190, 195-6, it would clearly have been *prima facie* sufficient. But whether in its pres-

ent form it was admissible in evidence, it is unnecessary to decide, as the judgment complained of will have to be reversed on other grounds, and ·the case remanded for a new trial when this question ·is not likely to arise again, as the defect in the certificate, if it be one, can easily be cured.

The trial court permitted the record in the chancery cause of Lula M. Postlewaite against the defendant in error to be introduced in evidence for the purpose of showing the latter's eviction from that portion of the land, for the loss of which she seeks to recover damages in this case. That action of the court is assigned as error, upon the ground, first, that the court which tried that cause was without jurisdiction; and, second, that the record does not show such eviction.

The ground relied on to show that the court was without jurisdiction to hear and determine that cause (which was a suit for partition), is, that the defendant in error, who was the defendant in that suit, claimed title to the whole tract of land sought to be partitioned, not as joint owner with the plaintiff in that suit, but by an independent adversary title.

It is quite true, as argued, that a suit for partition, under the provisions of section 2562 of the Code, cannot be made a substitute for an action of ejectment (*Pillow* v. *Southwest &c. Imp. Co.,* 92 Va. 144, 148, 23 S. E. 32, 53 Am. St. Rep. 804), but it is equally true that a court of equity has jurisdiction to partition land under some circumstances, although the defendant claims title to the whole tract where he (or those under whom he claims title) was a joint owner with the complainant or those under whom he claims title. See *Pillow* v. *Southwest &c. Imp. Co., supra.*

Whether or not such facts and circumstances were alleged and proved in the partition suit of *Postlewaite* v. *Haley* as gave the court the right to try the question of title in that suit under section 2562 of the Code, was a question to be decided in that cause. The court which heard and decided it had the power to determine whether or not the case made by the bill was within

the jurisdiction of a court of equity; and having proceeded in the case to a final decree, must, of necessity, have determined that question in favor of its right to exercise the jurisdiction invoked. It may have erred in its decision, but such error would not make its action void. The decree would only be erroneous at most, but conclusive until reversed or vacated. In this case, neither the circuit court nor this court could determine whether or not that case was one of equitable jurisdiction without an inquiry into the facts, and where inquiry is necessary, the decree, however erroneous, is not void, and cannot, therefore, be collaterally assailed. *Lemmon* v. *Herbert,* 92 Va. 653, 655-658, 24 S. E. 249, and authorities cited.

The other ground of objection to the introduction of that record in evidence is, that it did not show the eviction of the defendant in error from the land to which the court held that the complainant in that cause had the paramount title.

It appears from the record in that cause that the court decreed that the complainant had a paramount title to an undivided sixth interest in the land sought to be partitioned; that it was impracticable to partition the land in kind and lay off that interest; that the same was directed to be sold; that it was sold by a special commissioner to the defendant in error at public auction; and that the sale was reported to the court and confirmed. While there was no actual eviction of the defendant in error, she was compelled, under the decree of the court, to purchase that interest or surrender the possession thereof to such other person as might become the purchaser.

It is always necessary, in order to maintain an action for the breach of covenant of warranty, that there shall be an eviction, and generally there must be an actual eviction; but sometimes a constructive eviction is sufficient. One class of cases where constructive eviction is sufficient, is where the premises are in the actual possession of a third party under a paramount title at the date of the conveyance. In such a case the covenantee can maintain his action, although he has never been in

possession of and actually evicted from the land. *Sheffy* v. *Gardner,* 79 Va. 313, and authorities cited.

Another class of cases, under "the head of constructive eviction," says Rawle on Covenants for Title (5th ed.), sec. 142, "is that which holds that an eviction will be caused by the covenantee having compulsorily purchased or taken a lease under the paramount title, without any actual change of possession, .both in cases where the validity of such title has been established by judgment or decree of a court of competent jurisdiction, and under certain circumstances where it has not been established."

While the cases are not in accord on this question, the weight of modern authority and the better reason is in favor of the rule, as stated by Rawle, at least to the extent that a covenantee may maintain an action for breach of covenant of warranty where he has been compelled to purchase the paramount title when the validity of such title has been established by the judgment or decree of a court of competent jurisdiction and ordered to be sold at public auction; for, in such a case, the covenantee has the right to presume that, if he does not become the purchaser, he will be evicted by or for the benefit of the person who does purchase at such sale. *Whitney* v. *Densmore,* 6 Cush. 124; Rawle on Cov. for Title, sec. 143; 11 Cyc. 1128, 1129; 8 Am. & Eng. Ency. L. (2nd. ed.), 108; *Hoffner's Heirs* v. *Burchett,* 11 Leigh 93, 88-9.

The next assignment of error is to the action of the court in instructing the jury as to the character of the notice required to be given to the covenantor when suit is brought against his covenantee to recover the land, in order that the proceedings in that suit shall be conclusive upon the covenantor when sued upon his covenant of warranty.

The trial court was of opinion, and so instructed the jury, that notice given to the plaintiff in error by the defendant in error, her agent or attorney, of the pendency of the suit and of the claim asserted therein in time to defend the same, was

sufficient to render the proceedings in that case conclusive upon the plaintiff in error.

The question involved in this assignment of error has not been passed upon by this court in any reported case. In some jurisdictions it is held that, where suit is brought on a paramount claim against one who is entitled to the benefit of any of the covenants for title, and especially it would seem, of the covenant of warranty, he can, by giving proper notice of the action to the party bound by the covenants and requesting him to defend it, relieve himself from the burden of being compelled afterwards to prove in an action on the covenants the validity of the title of the adverse claimant. In other jurisdictions, in order to relieve himself of that burden, it is only necessary for the party sued to give proper notice of the pendency of such action without calling upon the party bound to defend the suit.

Mr. Rawle, in his work on Covenants for Title (5th ed.), sections 117 to 125, upon a review of the cases, reaches the conclusion that the weight of authority is in favor of the view that there must not only be a distinct and unequivocal notice of the suit given to the party bound by the covenants, but he must also be requested to appear and defend it. And this would seem to be the better doctrine upon reason as well as upon authority. No one, it would seem, on familiar principles, ought to be bound by a proceeding to which he is not a party actually or constructively. The covenantor is not actually a party. If, upon mere notice of the suit, he would be authorized to come in and assume the conduct of the defense, so far as proof of his own title was concerned, there might be, as was said in *Brown* v. *Taylor,* 13 Vt. 631, "some reason for holding him bound by such knowledge. But without the assent of the defendant in the suit, he has no such authority. It is *res inter alios acta,* and if he should apply to the court for permission to defend, the defendant not having voluntarily offered it, the answer would be that he had no occasion to do so, since his rights could not be affected by the judgment." If he appears and is per-

mitted to make defense, he is, of course, bound by the proceedings, or if properly notified and requested by the defendant to make defense and he fails to do so, there is no hardship in holding him bound by the proceedings in the suit. He had notice and the right to appear and defend his title, and if he did not do so, it was manifestly his own fault. 7 Rob. Pr. 150-151.

The action of the court in holding that the defendant in error had the right to recover as part of her damages the fee ($50) she paid her attorneys in the partition suit, is assigned as error.

Neither has this question been passed upon by this court so far as the reported cases show. In other jurisdictions the decisions of the courts are not in accord. In some it is held that counsel fees cannot be recovered as part of the damages for breach of covenant of warranty; in others, that they may, provided the covenantor has been required to defend and has failed to do so; and in still others, that they are recoverable wherever the covenantor does not employ counsel to defend, the fact of notice or want of notice to defend being immaterial. Rawle on Cov. for Title, secs. 197 to 200, and cases cited.

Since the decision in the case of *Threlkeld* v. *Fitzhugh,* 2 Leigh 489, the settled doctrine in this State has been, that the purchaser of land, upon eviction, is only entitled to the purchase price paid, with interest from the date of eviction and the costs expended by him in the action in which he was evicted. *Click* v. *Green,* 77 Va. 827, 835; *Conrad* v. *Effinger,* 87 Va. 59, 12 S. E. 2, 24 Am. St. Rep. 646. The term "costs" has a well-defined legal meaning, and means those expenses incurred by parties in prosecuting or defending a suit, action or other proceeding at law or in equity, recognized and allowed by law, and taxed against the losing party. 5 Ency. Pl. & Pr. 106, and cases cited.

The law, as a general rule, measures the expenses incurred in the management of a suit by the taxable costs. The taxable costs are the costs contemplated by those decisions, as we under-

stand them, and not the other expenses incurred in defending
the action in which the covenantee was evicted, however great
they may have been.   There would seem to be no more reason
for allowing expenses incurred in the employment of counsel
as a part of the covenantee's damages for breach of covenant of
warranty than expenses incurred in visiting and conferring
with counsel, finding and interviewing witnesses, and in per-
forming all the other duties necessary in preparing the case for
trial.

In the case of *Wisecarver* v. *Wisecarver,* 97 Va. 452, 34
S. E. 56, it was held, that in an action on an injunction bond
with condition "to pay all such costs as may be awarded against
the plaintiff and all such damages as shall be incurred in case
said injunction be dissolved," fees paid to counsel in the in-
junction suit could not be recovered as damages, although the
bill was a pure bill of injunction.   One of the reasons given for
refusing to allow the fee as damages in that case was, (quoting
from the Supreme Court of the United States in the case of
*Oelrichs* v. *Spain,* 15 Wall. 211, 21 L. Ed. 43,) that "There
is no fixed standard by which the *honorarium* can be measured.
Some counsel demand much more than others.   Some clients
are willing to pay more than others.   More counsel may be
employed than are necessary.   When both client and counsel
know that the fees are to be paid by the other party, there is
danger of abuse.   A reference to a master or an issue to a jury
might be necessary to ascertain the proper amount, and this
grafted litigation might possibly be more animated and pro-
tracted than that in the original cause.   It would be an office
of some delicacy, on the part of the court, to scale down the
charges, as might sometimes be necessary.   We think the prin-
ciple of disallowance rests on a solid foundation, and that the
opposite rule is forbidden by the analogies of the law and sound
public policy."

That reasoning applies with equal force against the allow-
ance of attorneys' fees in this case.   We are of opinion that

the sound, simple and more satisfactory rule is to deny the right to recover counsel fees as part of the damages, and to confine the right of recovery to the fees allowed by statute and taxed in the costs of the action in which the covenantee is evicted.

It follows, from what has been said, that the judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*