COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Retired Judge Brown[*]
Argued at Salem, Virginia


NAPOLEON BONAPARTE BROWARD, V

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0743-02-3      JUDGE RUDOLPH BUMGARDNER, III
                                         JULY 1, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                     Charles J. Strauss, Judge

            Robert Hurt (H. Victor Millner, Jr., P.C., on
            brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     The trial court convicted Napoleon Bonaparte Broward, V, of

possession of a firearm after being convicted of a felony, Code

§ 18.2-308.2(A).  He maintains the trial court improperly

admitted a record of prior convictions in Maryland and the

evidence was insufficient to convict.  We affirm the conviction.

     The Commonwealth introduced two documents to prove the

defendant had been previously convicted of a felony.  The

documents were titled "Docket 10[,] No. 9773 [and 9774] Criminal

        [*] Retired Judge J. Howe Brown, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Circuit Court For Wicomico County, State of Maryland vs. Napoleon Bonaparte Broward, V."  They bore the stamp "True Copy, Test. Clerk" and the signature "Mark S. Bowen."  The documents were compilations of every docket entry in those proceedings. They record the defendant's conviction for five felonies including robbery with a deadly weapon for which he received a sentence of twelve years.  The defendant contends the exhibits were not properly authenticated because (1) the attestation failed to identify the court where the original record was preserved, (2) failed to identify the clerk, and (3) was not signed.[1]

"The records of any judicial proceeding and any other official record of any court of another state . . . shall be received as prima facie evidence provided that such records are authenticated by the clerk of the court where preserved to be a true record."  Code § 8.01-389(A1).  "Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be."  Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990) (certified conviction order).  A judicial record may be authenticated by the written certification of the clerk of the court holding the

---

[1] The defendant does not contend the exhibits were not true and accurate copies.

record.  Id.  Authenticated judicial records[2] qualify for the official records exception to the hearsay rule.  Taylor v. Commonwealth, 28 Va. App. 1, 11, 502 S.E.2d 113, 117 (1998).

The defendant relies on Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), as authority that the certification was inadequate.  Medici approved a certificate that bore a seal providing more information than that provided in this case.  However, Medici is one of a long line of cases that have approved the exact content in the certifications appended to the Maryland documents in this case.  Wynn v. Harman's Devisees, 46 Va. (5 Gratt.) 157, 159, 165 (1848) ("A copy, teste, John Hunter, C. L. C."); Morgan v. Haley, 107 Va. 331, 332, 58 S.E. 564, 564 (1907) ("A copy, Teste: H. C. T. Ewing, Clerk."); Hurley v. Charles, 112 Va. 706, 708, 72 S.E. 689, 690 (1911) ("A. B. Buchanan, Deputy Clerk for S. M. Graham, Clerk of the Circuit Court of Tazewell County, Virginia" and "A. B. Buchanan, D. Clerk.").

The criminal docket was a record from the Circuit Court for Wicomico County, Maryland, and nothing suggested the contents were altered.  As in Owens, the documents bore sufficient indicia that Mark S. Bowen was the clerk of that court and responsible for maintaining its records.  The docket entries

---

[2] A "record" includes "any report, paper, data compilation or any record in any form . . . ."  Code § 8.01-389(D).

- 3 -

were properly admissible as prima facie evidence of the public record of the defendant's criminal convictions in Maryland. Being public records, the contents were exceptions to the hearsay rule and proof of what they asserted.

Next, we consider whether the evidence was sufficient to prove the defendant possessed a firearm and was a violent felon. We view the evidence and the reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Dowden v. Commonwealth, 260 Va. 459, 467, 536 S.E.2d 437, 441 (2000).

Theresa Haynes saw the defendant put two "long rifle type" guns in his truck as he packed to move out of her house. She notified the police, and they arrested the defendant while driving later that day. They recovered the guns from his truck. The police later recovered a container of black powder, two empty boxes of .270 caliber shells, a spent .270 shell, and firearm cleaning supplies from the closet of the bedroom the defendant had shared with Haynes. The defendant killed a groundhog with one gun and used the other for target practice that summer. He had asked the owner of the property for permission to hunt on it.

The docket entries from Maryland proved the defendant had been convicted of armed robbery. In addition to the court records, the defendant admitted to witnesses that he had felony

convictions and had been convicted of robbery in Maryland. His sister had visited him in a Maryland prison.

The evidence proved beyond a reasonable doubt that the defendant possessed a firearm and that he had been convicted of a violent felony. Accordingly, we affirm the conviction.

<u>Affirmed.</u>

Benton, J., dissenting.

"Code § 8.01-389 'codifies as part of the official records exception to the hearsay rule judicial "records" which are properly authenticated.'" Taylor v. Commonwealth, 28 Va. App. 1, 11, 502 S.E.2d 113, 117 (1998) (citation omitted). In pertinent part, it provides as follows:

> A1. The records of any judicial proceeding and any other official record of any court of another state or country, or of the United States, shall be received as prima facie evidence provided that such records are authenticated by the clerk of the court where preserved to be a true record.
>
> *   *   *   *   *   *   *
>
> D. "Records" as used in this article, shall be deemed to include any memorandum, report, paper, data compilation, or other record in any form, or any combination thereof.

Code § 8.01-389(A1) and D.

The Supreme Court has held, "the requirement of authentication . . . is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed." Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982). Applying this rule in a case where an objection was made that authentication was lacking for a document offered pursuant to Code § 8.01-390 (copies of public documents "shall be received as prima facie evidence provided that such copies are authenticated to be true copies both by the custodian thereof and by the person to whom the

- 6 -

custodian reports"), the Supreme Court held that "proper authentication . . . was lacking . . . [because] nothing in the exhibit . . . showed that [the certifying] officer was the custodian of the disputed records."  Taylor v. Maritime Overseas Corp., 224 Va. 562, 565, 299 S.E.2d 340, 342 (1983).

In Morgan v. Haley, 107 Va. 331, 58 S.E. 564 (1907), the Supreme Court indirectly questioned the validity of a certificate, which was written "A copy, Teste: II. H.C.T. Ewing, Clerk."  Id. at 332, 58 S.E. at 564.  The Court noted that "[i]f the certificate stated that the person making it was the clerk of the court, in whose office the deed was recorded, or had used initials to show that fact . . . it would clearly have been prima facie sufficient."  Id.  In a more recent case, the Supreme Court again has indicated what writing is sufficient to meet the statutory requirements.

> The prior convictions order admitted in the
> present case was marked on the back with a
> stamp reading, "Allen Slater, Executive
> Officer and Clerk of the Superior Court of
> the State of California, in and for the
> County of Orange."  The order also contained
> the seal of the Orange County Superior Court
> and was signed by "Flor L. Perez," whose
> signature appears next to the word,
> "Deputy."
>
> Code § 8.01-389(A1) provides that "[t]he
> records of any judicial proceeding and any
> other official record of any court of
> another state or country, or of the United
> States, shall be received as prima facie
> evidence provided that such records are
> authenticated by the clerk of the court
> where preserved to be a true record."  We

- 7 -

> think the California order complies with the
> requirements of Code § 8.01-389(A1), and,
> therefore, the trial court properly admitted
> it into evidence.

Medici v. Commonwealth, 260 Va. 223, 230-231, 532 S.E.2d 28, 32-33 (2000).

The deficiency in this record concerning authentication of the record is glaring.  As Broward's trial attorney stated when objecting, no evidence in this record indicates either that the person who signed above the word "Clerk" was the clerk of the Circuit Court for Wicomico County, Maryland, or that the person was the clerk of the court where the record was preserved. Nothing on the document asserts either proposition. Furthermore, the document does not contain the seal of any court.  See Wilkerson v. Wilkerson, 151 Va. 322, 328, 144 S.E. 497, 499 (1928) (under the common law a seal was a sufficient means of authenticating a document); Taylor, 28 Va. App. at 19, 502 S.E.2d at 121 (Benton, J., dissenting) (noting that "under the common law, the act of a public official fixing the seal of that official's office to a document was a means of authentication").  See also McDonald v. West Branch, 466 U.S. 284, 288 n.6 (1984) (indicating that under the full faith and credit statute a seal is sufficient to authenticate an act).

In summary, nothing on the face of the document permits the conclusion, except by speculation and conjecture, that the document was properly authenticated or was what the prosecutor

purported it to be.  For these reasons, I would hold that the trial judge erred when he ruled this record satisfied the requirements of Code § 8.01-389(A1).  Thus, I would reverse the conviction.