COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, O'Brien and AtLee
Argued at Lexington, Virginia


WATAN HOLDINGS, LLC

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0136-23-3               JUDGE MARY GRACE O'BRIEN
                                                  NOVEMBER 8, 2023

VIOLET BLANKENSHIP, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Sherwood S. Day for appellees.


Watan Holdings, LLC (Watan) appeals a ruling sustaining a demurrer to its amended

complaint alleging a breach of general warranty of title. Watan asserts that the court erred by

finding it had not sufficiently pled an actual or constructive eviction—a necessary element for a

breach of general warranty claim. For the following reasons, we affirm.

## BACKGROUND

Watan filed an amended complaint[1] against Violet Blankenship and her husband's estate,

alleging a breach of general warranty of title.[2] Watan purchased commercial property in

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Violet Blankenship demurred to Watan's initial complaint on the same ground at issue
here: that Watan failed to plead sufficient facts demonstrating an actual or constructive eviction.
The court sustained the demurrer with leave to amend.

[2] The amended complaint also references fraudulent representations made by
Blankenship and her husband. In its letter opinion, the court found that the amended complaint
was solely a claim for breach of warranty despite the general references to fraud, and Watan has
not assigned error to that finding. Thus, we treat Watan's amended complaint solely as a claim

Lynchburg from the Blankenships in 2016 and received a general warranty deed. At an unspecified time after the purchase, Watan became aware of a title defect—the 2016 deed conveyed parts of the "property which the [Blankenships] did not own." Watan learned of the title defect after the city denied its application for a zoning modification because Watan did not own the entire property.[3]

The amended complaint alleged that "[p]arts of the existing building, appurtenances concerning the existing building, and parking spaces in the northwest corner of the property are located on property owned by the Norfolk and Southern Railway Company, and a retaining wall believed to be on the property is actually owned by Virginia Eagle." Watan claimed that, as a result, the property "is not in a condition to be fully used" and "cannot be repaired due to parts of the building and parking lot being located on the property of another." Additionally, Watan's tenants withheld rent because of the repairs required, and Watan could not secure a new tenant "due to [the building's] general state of disrepair." Watan asserted that these circumstances, and the city's rezoning denial, taken together, constituted a constructive eviction from the property. Watan also claimed that "[a]n actual eviction occurred as a result of [the Blankenships'] actions

---

for breach of general warranty. *See Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017) (noting that an appellate court is "limited to reviewing the assignments of error presented by the litigant"); Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court.").

[3] Watan alleged this fact in its initial complaint but failed to allege any facts about the city's denial of a zoning modification in its amended complaint or incorporate by reference the initial complaint's allegations. "[W]hen a circuit court sustains a demurrer to an amended [complaint] which does not incorporate or refer to any of the allegations that were set forth in a prior [complaint], we will consider only the allegations contained in the amended pleading to which the demurrer was sustained." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 119-20 (2006) (quoting *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 102 (2001)). Thus, we do not consider the city's actions because we may "consider only the allegations contained in the amended pleading to which the demurrer was sustained." *Id.* We refer to the city's actions only to provide context for Watan's assertion in the amended complaint that the city's rezoning denial formed part of the basis for a constructive eviction.

stated herein since the property was in the actual possession of a third party under a paramount title at the date of the conveyance."

Blankenship demurred to Watan's amended complaint, asserting that a complaint for a breach of warranty must plead sufficient facts to establish an actual or constructive eviction.[4] Blankenship argued that the facts pled in the amended complaint were legally insufficient to constitute an actual or constructive eviction because Watan failed to allege that a third party had asserted paramount title over any part of the property and that such assertion resulted in an ouster. Blankenship noted Watan had conceded at a prior hearing that Norfolk Southern and Virginia Eagle never asserted paramount title to the property. Blankenship contended that this concession was fatal to Watan's action.

Following a hearing, the court sustained Blankenship's demurrer without leave to further amend and dismissed the case with prejudice. The court reasoned that Watan did not sufficiently plead an actual or constructive eviction from the property because it "failed to state facts demonstrating an assertion of paramount title" by a third party. Counsel for Watan signed the final order "[s]een and objected to."

## ANALYSIS

### I. Rule 5A:18

Blankenship first contends that Watan failed to preserve its arguments under Rule 5A:18 because it only generally objected to the court's ruling by signing the final order as "[s]een and objected to."[5]

---

[4] The estate of Blankenship's husband did not file a separate demurrer but joined Blankenship's brief on appeal.

[5] Blankenship also argues that Watan failed to file an adequate appendix under Rule 5A:25; however, the clerk of the trial court filed a full electronic record that includes all pleadings, motions, orders, and transcripts. Per Rule 5A:25(a)(1), "[n]o appendix is required,"

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." *Twardy v. Twardy*, 14 Va. App. 651, 657 (1992) (en banc); *see also Canales v. Torres Orellana*, 67 Va. App. 759, 770-72 (2017). "[I]f a trial court is aware of a litigant's legal position[,] and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." *Brown*, 279 Va. at 217; *see also* Code § 8.01-384(A).

Here, the record demonstrates that Watan properly raised for the trial court's consideration the issues it now argues on appeal. *Twardy*, 14 Va. App. at 657. At the hearing on Blankenship's demurrer, Watan made the same arguments it makes on appeal and relied on the same authorities. The court considered Watan's arguments and was well "aware of [Watan's] legal position" when it decided the case. *Brown*, 279 Va. at 217. Nothing in the record suggests that the court was deprived of "an opportunity to rule intelligently on the issues presented" in this appeal. *Id.* (quoting *West*, 43 Va. App. at 337). Accordingly, Watan preserved its arguments. *See Moncrief v. Div. of Child Support Enf't ex rel. Joyner*, 60 Va. App. 721, 728-30 (2012) (holding that an appellant did not waive issues by endorsing a final order "[s]een and [o]bjected

because "the clerk of the trial court or other tribunal has filed the record electronically." Thus, any defects with the appendix are immaterial.

- 4 -

to . . . for the reasons stated in oral argument" where the record reflected that he presented the trial court with the same arguments subsequently raised on appeal).

## II. Actual or Constructive Eviction

We review de novo a court's decision to sustain a demurrer, as it involves a pure issue of law. *Butler v. Stegmaier*, 77 Va. App. 115, 125 (2023). "The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted." *Assurance Data, Inc. v. Malyevac*, 286 Va. 137, 143 (2013). A demurrer is properly sustained "if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Qiu v. Huang*, 77 Va. App. 304, 317 (2023) (quoting *Hooked Grp., LLC v. City of Chesapeake*, 298 Va. 663, 667 (2020)).

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557 (2011) (quoting *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 357 (2010)). "That interpretative deference, however, requires us to 'distinguish allegations of historical fact from conclusions of law.'" *Anderson v. Dillman*, 297 Va. 191, 194 (2019) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 359 (2018)).

In an action for a breach of a covenant of warranty, a claimant must plead that an actual or constructive eviction has occurred. *Tull v. Fleming Bros. Lumber & Mfg. Co.*, 189 Va. 171, 181-82 (1949); *see also Morgan v. Haley*, 107 Va. 331, 334 (1907). "An adversary dispossession or a compulsory yielding up of the possession constitutes an actual eviction." *Jones v. Richmond*, 88 Va. 231, 234 (1891). A constructive eviction occurs when "the premises are in the actual possession of a third party," *Tull*, 189 Va. at 182, under "an adverse assertion of a paramount title" at the time of the conveyance, *Jones*, 88 Va. at 233, 235 ("[W]here, at the time

- 5 -

of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken, without any other act on the part of either the grantee or the claimant." (quoting William Henry Rawle, *A Practical Treatise on the Law of Covenants for Title* § 139 (originally published 1860))); *see also Tull*, 189 Va. at 181. A constructive eviction may also occur "without any actual change of possession" if the plaintiff was "compelled to purchase the paramount title, when the validity of such title has been established by the judgment or decree of a court[,] . . . for in such a case the [plaintiff] has the right to presume that if he does not become the purchaser he will be evicted." *Morgan*, 107 Va. at 335; *see also First Am. Title Ins. Co. v. Chesapeake Holdings GSG, LLC*, 633 F. Supp. 3d 789, 798-99 (E.D. Va. 2022) (applying Virginia law and finding sufficient allegations of a constructive eviction where, to maintain possession, the plaintiff was required to purchase a corrective deed from a third party asserting paramount title).

Watan failed to sufficiently plead that either an actual or constructive eviction occurred. The amended complaint contains a single conclusory allegation that "[a]n actual eviction occurred" because "the property was in the actual possession of a third party under a paramount title at the date of the conveyance." Watan argues that the amended complaint "establishes eviction by its stated language"; however, the assertion that "an actual eviction occurred" is merely a legal conclusion, not a statement of historical fact. *See Anderson*, 297 Va. at 194. "[W]e do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences." *Id.* (quoting *Coward*, 295 Va. at 359). At most, Watan alleged that after discovering third parties might have better title, it abstained from entering the disputed parts of the property on its own volition due to unsubstantiated concerns that entry could be considered a trespass. Watan did not claim that any "*adversary* dispossession" or "*compulsory* yielding" of

- 6 -

possession occurred, *Jones*, 88 Va. at 234 (emphases added), and thus failed to sufficiently allege an actual eviction.

Watan also failed to sufficiently plead constructive eviction. Watan conceded that Norfolk Southern and Virginia Eagle have never asserted a paramount title over any part of the property. Indeed, the allegations in the amended complaint do not support an inference that Norfolk Southern or Virginia Eagle are even aware of the title issues. Watan merely alleged that these third parties have better title over "[p]arts of the existing building, appurtenances concerning the existing building, . . . parking spaces in the northwest corner of the property," and a retaining wall. "The mere existence of a paramount legal title in a third person . . . which has never been asserted does not amount to a constructive eviction which will support an action for breach of covenant." K.A. Drechsler, Annotation, *What Amounts to Constructive Eviction Which Will Support Action for Breach of Covenant of Warranty or for Quiet Enjoyment*, 172 A.L.R. 18, § II(b) (originally published 1948) (collecting cases); *accord Jones*, 88 Va. at 234 ("The existence of an incumbrance, or the mere recovery in a possessory action under which the bargain has not been actually disturbed, are held, for technical reasons, not to be breaches of a covenant for quiet possession, or, in other words, upon warranties."); *Marbury v. Thornton*, 82 Va. 702, 705 (1886) ("A covenant of warranty, however, can never be treated as a covenant against mere incumbrances.").

Watan relies on *Tull v. Fleming Brothers Lumber & Manufacturing Co.* to support its argument that it sufficiently pled constructive eviction. *Tull*, however, is distinguishable. Tull sold Fleming Brothers timber on land she claimed to own, but a third party prevented Fleming Brothers from removing the timber and claimed to have purchased the land at a judicial sale four years earlier. 189 Va. at 173-74. The third party threatened to "shoot [anyone] who trespassed on the land for the purpose of cutting their timber." *Id.* at 174. The Supreme Court affirmed a

finding that Fleming Brothers had been constructively evicted because "the premises and the timber [were] in [the] actual possession of the [third party] claiming under a paramount title." *Id.* at 181. The Court noted that Fleming Brothers was "prevented by a most effective means from cutting and taking the timber into possession" and was under "no compulsion to commit a trespass in order to establish a lawful right in another action." *Id.*

Watan argues the circumstances pled are similar because in *Tull*, a third party was "in possession of and owned the land [that the purported landowner] attempted to convey," and here, Norfolk Southern and Virginia Eagle own parts of the land Blankenship conveyed. However, Watan ignores the significant distinction that the third party in *Tull* clearly asserted paramount title (by threatening to shoot anyone who entered the land) and that Fleming Brothers could not take possession of the property. *See id.* at 174. Even accepting as true that Norfolk Southern and Virginia Eagle have better title over parts of the disputed property, the amended complaint failed to allege that they have ever asserted paramount title or kept Watan from possessing the property as the third party did in *Tull*.

It is fundamental that an eviction of any kind requires some disturbance of possession. *Jones*, 88 Va. at 234 ("[N]o action lies upon [a breach of warranty] until actual eviction, or at least disturbance of the possession."). The only exception to this rule is when a plaintiff is "compelled to purchase the paramount title" to avoid an ouster or a disturbance. *Morgan*, 107 Va. at 335. There are no allegations in the amended complaint that Watan has ever been kept or expelled from any part of the property, or that there has been interference with its access. As in *Marbury*, "there is no averment that [plaintiffs] were kept out of possession of the premises by any person or persons in possession under a paramount title, or that they were evicted by judgment of eviction followed by ouster." 82 Va. at 704. Nor did Watan allege that it was "hindered and prevented, by any one having a better right, from entering and enjoying the

premises." *Sheffey's Ex'r v. Gardiner*, 79 Va. 313, 317 (1884) (quoting *Park v. Bates*, 12 Vt. 381, 387 (1840)).  Watan also never claimed that it was "compelled to purchase the paramount title" to avoid an ouster.  *Morgan*, 107 Va. at 335.  Merely because Watan treated the title defect as an eviction does not make it so; the facts alleged in the amended complaint, viewed in the light most favorable to Watan, are insufficient to constitute either an actual or constructive eviction.

## CONCLUSION

Because Watan's amended complaint failed to plead sufficient facts to satisfy an essential element of a breach of general warranty claim, the court did not err by sustaining Blankenship's demurrer.  For these reasons, we affirm the court's judgment.

*Affirmed.*