LILLIE *v.* NUNNALLY.

4-8079                                                          199 S. W. 2d 751

Opinion delivered March 3, 1947.

*A. D. Chavis,* for appellant.

*Francis W. Wilson* and *J. Bruce Streett,* for appellee.

McHANEY, Justice. Appellants, other than Jewell Jones, are the heirs at law and beneficiaries under the will of their mother, Caroline Milner who died testate some 16 years ago and left to them the 160-acre tract of land here in controversy.

All of the appellants, except Dilsa Lillie and Caroline Billingsly, were defendants in the same court in a cause involving the same land, wherein appellees in this action were the plaintiffs in that, and which resulted in a decree on February 7, 1945, in favor of appellees, holding that they are the owners of 18 acres in a square in the southeast corner of the said 160-acre tract and a writ of assistance was granted to put appellees in possession of said 18-acre tract. No appeal was taken from said decree. This action was numbered 5527 on the chancery docket.

This present action was brought in August, 1945, by Dilsa Lillie and Caroline Billingsly against appellees and the complaint was later amended to include all the appellants as plaintiffs, including Jewell Jones. They sought to cancel the decree in case No. 5527, dated February 7, 1945, because "erroneous and fraudulent" and prayed that their title to said 160-acre tract be quieted, and for other relief.

Trial resulted in a decree dismissing the complaint for want of equity. As to appellants, Dilsa Lillie and Caroline Billingsly, the court found that they had each

conveyed their undivided interest in said 160-acre tract to appellees in 1932 in satisfaction of an indebtedness secured by mortgage to ·C. H. Bartlett given in 1930. C. H. Bartlett thereafter died and appellees are his heirs. As to the other appellants, including Jewell Jones, the court found that the former decree in case No. 5527 precluded any right of recovery by them on the plea of *res judicata* by appellees, because either the questions now raised were raised in that action and decided against them, or that they could and should have been raised and adjudicated in that action.

This appeal questions the correctness of this decree. We think the trial court was correct in so holding.

The first suit was filed by appellees on February 23, 1944. They alleged that, as grantees of Dilsa and Caroline, they were the owners of an undivided interest in the Milner 160-acre tract as tenants in common with the rest of the Milner heirs. The only question in dispute in that case was the location of the 18-acre tract claimed by appellees who asserted it was to be in the southeast corner of the quarter section, whereas the defendants in that action claimed it should be in the northeast corner. Dilsa and Caroline were not parties to that action because they had conveyed all their interest to appellees in 1932, and had no further interest in said 160-acre tract. In the present action they deny executing a deed to the appellees. They both admit execution of a mortgage to ·C. H. Bartlett in his lifetime and the original mortgage executed by Dilsa with her admitted signature thereon, and the deed executed by both are before us, and we have compared the signatures and find them to be the same. Moreover, the evidence given by the notary who took the acknowledgments of both and that of Mr. Nunnally who was present preponderate in favor of the court's finding that they both signed the deed.

As to Jewell Jones who claims one acre of the land awarded to appellees, when this suit was filed by appellants, appellees caused the writ of assistance theretofore authorized by the court in the original decree in No. 5527, to be issued by the clerk and to be served on Jones

by the sheriff. Jones thereupon applied to the court for a temporary injunction, and Jones appealed to this court and we affirmed. *Jones* v. *Bartlett,* 209 Ark. 681, 191 S. W. 2d 967. In his petition for injunctive relief, Jones alleged he did not appeal from the decree in 5527, "because all the heirs and interested parties in said lands were not made parties to this suit; that a new suit has been filed and is now pending in this court, involving the same land and the same issues, together with some new issues." But, as we have shown, "all of the heirs and interested parties" were made parties in the former suit, and it is conceded that the "same land and the same issues" were involved, "together with some new issues." But there are not any new issues involved in the case at bar, or, if there are, they could and should have been litigated in the former suit. So, the doctrine of *res judicata* applies and prevents appellants from maintaining this action. In *Ogden* v. *Pulaski County,* 189 Ark. 341, 71 S. W. 2d 1052, we said: "It is the general rule, which has been frequently announced by this court, that the parties to an action are bound to make the most of their case or defense and that a judgment of a court of competent jurisdiction operates as a bar to all questions in support of the cause or the defense, either legal or equitable, which were, or could have been interposed in the case."

The decree is correct and is accordingly affirmed.