TIMMONS *v.* CLAYTON.

5-124 259 S. W. 2d 501

Opinion delivered June 22, 1953.

*E. H. Timmons*, for appellant.

*Phillip H. Loh, III*, for appellee.

ED. F. McFADDIN, Justice. Appellant and appellee own adjoining lands within the city limits of Morrilton; appellant's tract of about two acres lies north of appellee's property, and the slope of the surface is from north to south. The decisive question on this appeal is whether previous litigation between the same parties is *res judicata* of the principal issue in this litigation.

## Previous Litigation.

In 1951, appellant filed suit in Chancery, claiming appellee was obstructing Timmons Street, which was on the south side of appellant's land and the north side of appellee's land. By cross-complaint, appellee sought damages, claiming that appellant had:

". . . constructed three stock ponds on his said lands which have created reservoirs for natural drainage; that said ponds empty into each other and finally to the pond located in the southeast part of plaintiff's property; that at said pond plaintiff has constructed a spillway which permits water to run over and upon the lands of said defendant, to the damage of the defendant, for which he seeks to recover the sum of $500 as damages; that said impounding of natural drainage and diverting the flow of the same over and upon the lands of said defendant is a nuisance and cannot be abated in an action at law, except by a multiplicity of suits."

The appellant denied the allegations of the cross-complaint; and a Chancery trial resulted in a decree: (1) enjoining appellee from closing Timmons Street; and (2) finding that the waters which appellant had impounded were only *surface waters*. The Chancellor's written opinion on the latter point reads:

"The Court finds that although the *plaintiff is impounding surface water on his lands and is diverting the flow thereof, that the defendant proved no damages as a result of the diversion.*" (Italics our own.)

### Present Litigation

After the conclusion of the previous litigation, Timmons Street was graded by the City of Morrilton, and a drainage ditch on either side of the street was designed to carry the surface water easterly about three hundred feet into the ditch alongside State Highway No. 9. Then appellee constructed a terrace near his north line and across the swale or depression that the surface drainage had followed over his land.

When appellee constructed this terrace, appellant filed the present suit, alleging that appellee had constructed a dam over a natural water course, and that the effect of appellee's construction was to cause the waters to flood Timmons Street. Appellant alleged that the ditch through appellee's lands was a *"natural water course,"* as distinguished from a depression or swale for the flowing of surface water. The prayer of the appellant's present complaint was for a ". . . mandatory injunction compelling defendant to remove the dam and levee from across the stream. . . ."

To this complaint, appellee pleaded — *inter alia* — that the previous litigation between the parties was *res judicata*, because in the previous litigation, the Court found that the drainage ditch was for surface water, and was not a natural water course. After a patient hearing, the Trial Court held: (a) that the previous litigation had determined that the waters were surface waters; and (b) that appellant had shown no damage. The Chancellor rendered a written opinion, from which we quote:

"Without reciting the testimony, it was admitted that the dam in question was constructed on defendant's lands and that its purpose was to repel the water in question. There was also testimony on the part of defendant that the dam caused the water to flow into

ditches dug by the City along each side of the road and that there was no flooding of the highway in the recent rain.

"A view was also had of the premises.

"It appears that the first question to be decided is that stated in *Turner* v. *Smith,* 217 Ark. 441, 231 S. W. 2d 110. . . . 'The principal issue is whether Turner, by putting in this levee, has wrongfully obstructed natural water courses or has merely fended off surface waters, as he is entitled to if he does not unnecessarily damage his neighbors. *Little Rock, Etc., Co.* v. *Chapman,* 39 Ark. 463, 43 Am. Rep. 280; *Baker* v. *Allen,* 66 Ark. 271, 50 S. W. 511, 74 Am. St. Rep. 93.' . . .

"The following findings are made:

"1. *Res Judicata:*

"The question as to the type of water involved here was directly involved in the previous suit, where it was raised in the pleadings, made the subject of proof, was the subject of a finding by the court which was used as the basis for that part of the decree pertaining to plaintiff having impounded and diverted the water in question. . . .

"Accordingly, the plea of *res judicata* is sustained.

"2. . . . No damages were proved."

We conclude that the Trial Court was correct. In the previous litigation, appellant had been happy with the finding that the only water he was impounding was *surface* water. Now he wants to claim that the same ditch which carried *surface water* through his land, became a *natural water course* when it reached the adjoining lands of the appellee. The appellant cannot thus blow hot and cold. Here we are dealing only with surface water.[1]

The rule as to the blocking of surface water in an urban location is stated in *Levy* v. *Nash,* 87 Ark. 41, 112 S. W. 173, 20 L. R. A., N. S. 155.

[1] In 12 A. L. R. 2d 1338, there is an Annotation entitled: "Liability, as regards surface waters, for raising surface level of land."

"To make it (the property) useful for this purpose, the owner has the right to fill it up, elevate it, to ditch it, to construct buildings on it in such a manner as to protect it against the surface water of an adjoining lot. If in so doing he prevents the flow of surface water upon his lot, the owner of the higher lot has no cause of action against him. This is a necessary incident to the ownership of such property. A contrary rule would operate against the advancement and progress of cities and towns and to their injury, and would be against public policy."

In areas outside urban centers, a lower proprietor may protect himself from *surface water* by erecting a levee where that is the practical method of protecting his land from surface water, and where in so constructing the levee he acts in good faith and is free of negligence. *Baker* v. *Allen,* 66 Ark. 271, 50 S. W. 511; *Jackson* v. *Keller,* 95 Ark. 242, 129 S. W. 296; *Honey* v. *Bertig,* 202 Ark. 370, 150 S. W. 2d 214; and *Brasko* v. *Prislovsky,* 207 Ark. 1034, 183 S. W. 2d 925.

Since (a) appellant in this litigation with the appellee is bound by the previous decision that the water here involved is surface water; and since (b) appellee in building his terrace to fend off the surface water is not shown to have acted negligently, or in bad faith, it therefore follows that the decree herein is in all things affirmed.