TIMMONS v. BRANNAN.

5-707                                    280 S. W. 2d 393

Opinion delivered June 20, 1955.

*J. G. Moore,* for appellant.

*Phillip H. Loh,* for appellee.

ED. F. McFADDIN, Justice. This is the second suit to reach this Court between the same parties, who are adjoining property owners. The other case is *Timmons v. Brannan,* 219 Ark. 636, 244 S. W. 2d 136; and is hereinafter referred to as "the first case."

In the first case we sustained a contract between the parties which established the entire West boundary line of Timmons' property and the entire East boundary line of Brannan's property. The written contract between the parties, dated May 20, 1950, was copied in full in our opinion in the first case. For convenient reference we recopy two of the paragraphs:

"It is hereby mutually agreed that the iron stake as now located at the southwest corner of the property of the party of the first part[1] is hereby established as the true boundary line between the southwest corner of the property of the party of the first part and the southeast corner of the property of the party of the second part[2]
. . .

"It is hereby agreed that said line shall run directly or due north of the iron stake hereinabove mentioned to the northwest corner of the property of the party of the first part to the now placed post in said northwest corner of the property of the party of the first part."

In the first case Timmons, as plaintiff, claimed that he had been induced to sign the said boundary line settlement agreement through fraud and misrepresentation, and also that there was a mutual mistake. Brannan filed a cross-complaint and claimed the contract settled the boundary question and prayed that his title be quieted. Timmons answered the cross-complaint. The Trial Court

---

[1] i.e., Timmons.
[2] i.e., Brannan.

held against Timmons and we affirmed, saying: ". . . the contract is effective to establish the boundary line."

Our opinion in the first case was delivered December 3, 1951. On August 11, 1953, Timmons filed the present suit against Brannan claiming that Brannan was obstructing certain streets in the City of Morrilton and praying that the Court order the removal of such obstructions. Brannan offered several defenses to the present suit but the only one we need to mention is that of *res judicata.*[3] Here is a pertinent portion of Brannan's pleading in the present case:

"That the case of *Timmons* v. *Brannan,* 219 Ark. 636, 244 S. W. 2d 136, was decided by the Supreme Court of Arkansas, on December 3, 1951. That the parties herein are the same as the parties thereto, and that the land, upon which are located the alleged streets as set out in plaintiff's interlineations to his complaint, is the same land and properties; that the issues are the same as were in issue in the case which was decided by this court and affirmed by the Supreme Court of Arkansas on the above date. That basis of the matters complained of by the plaintiff herein have been fully adjudicated by the courts in another action by and between the same parties in the same case, and that the defendant pleads *Res Judicata* to plaintiff's complaint with interlineations."

At the trial of the present case, the entire transcript in the first case was made a part of the evidence; and we now sustain the plea of *res judicata* and thus never reach any of the other questions ably argued in the brief for the appellant.

In the present case, Timmons claimed: (1) that Ridge Street is between the West side of Timmons' property and the East side of Brannan's property and that Brannan is blocking a portion of Ridge Street; and (2) that Spring Street goes East and West through Bran-

---

[3] In *Seaboard Finance Co.* v. *Wright,* 223 Ark. 351, 266 S. W. 2d 70, we said: "The Latin words *'res judicata' literally* translated into English mean 'a thing adjudged'; and *freely* translated into English mean 'the matter has already been decided.'"

nan's property and that Brannan is blocking Spring Street. But in the first case we sustained a boundary line settlement agreement between Timmons and Brannan which established a common boundary between them along all of Timmons' West line and all of Brannan's East line. If Timmons had thought, at that time, that Ridge Street separated the two property-holders, then he should have so asserted and the issue as to Ridge Street could have been decided: instead, Timmons claimed that there was a common boundary line between him and Brannan. Likewise as to Spring Street, the fence on the common boundary between Timmons and Brannan effectively blocked Spring Street, if there be such a street. It is too late for him now to raise questions of streets between his property and that of Brannan: these were matters that should have been litigated in the first suit.

In *Shorten* v. *Brotherhood of Railway Trainmen,* 182 Ark. 646, 32 S. W. 2d 304, a plaintiff attempted to bring a second action on a matter that could have been litigated in the first action between the same parties. In sustaining the plea of *res judicata* we quoted from the case of *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. 2d 610:

" 'The test in determining the plea of *res judicata* is not alone whether the matters presented in the subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issue and might have been litigated in the former suit.' "

The test is not whether the matters in the second suit were *actually* litigated in the former suit between the parties, but whether such matters were *necessarily within the issues and might have been litigated in the former suit.* The following recent cases declare and follow the rule of *res judicata* as above quoted: *Thomas* v. *McCullum,* 201 Ark. 320, 144 S. W. 2d 467; *Meyer* v. *Eichenbaum,* 202 Ark. 438, 150 S. W. 2d 958; *Ripley* v. *Kelly,* 209 Ark. 389, 190 S. W. 2d 526; *Lillie* v. *Nunnally,* 211 Ark. 202, 199 S. W. 2d 751; *Crump* v. *Loggains,* 212

Ark. 394, 205 S. W. 2d 846; *Andrews* v. *Gross and James Tie Co.,* 214 Ark. 210, 216 S. W. 2d 386; *Seaboard Finance Co.* v. *Wright,* 223 Ark. 351, 266 S. W. 2d 70; *Timmons* v. *Clayton,* 222 Ark. 327, 259 S. W. 2d 501. The rule of *res judicata* applies in the case at bar.

Affirmed.