LAMPKIN v. LONG.

5-975                                    290 S. W. 2d 623

Opinion delivered May 28, 1956.

*Henry J. Burney,* for appellant.
*Millard Alford,* for appellee.

GEORGE ROSE SMITH, J. In 1951 the appellants bought certain land from the appellee, the conveyance being by warranty deed. More than three years later this action for breach of warranty was brought by the purchasers, who asserted that the seller did not have title to one third of the property sold. The defendant answered with a general denial and a plea of limitations. The case, tried without a jury, was submitted upon an agreed statement of facts. The court entered judgment for the defendant, but the record does not indicate the ground on which the decision was reached.

It is admitted that the plaintiffs bought and paid for a lot and a half of ground. According to the stipulation, however, ''the plaintiffs later learned that a fence runs diagonally across Plot 12, dividing Plot 12 into two equal halves and leaving the north half of said Plot 12 on the north side of said fence, which north half was and is being claimed by Albert L. Woody, thus leaving the plaintiffs with possession of only two thirds of the one and one-half plots; that said Woody claims said north half of said Plot 12 by virtue of adverse possession; that he claims to have had actual adverse possession since 1942; that the value of the north half of said Plot 12, which is being held by the said Woody, is $716.67; that plaintiffs have demanded possession of the north half of Plot 12 from said Woody and that he refuses to yield or give it to the plaintiffs; that the plaintiffs advised the defendant, Mrs. Annie Long, of this situation prior to bringing of this suit and that she has failed and refused to do anything about it; [and] that there has been no adjudication of title to the property as between the plaintiffs and the said Woody.''

Upon the agreed facts the plaintiffs are entitled to recover. The plea of limitations is not well founded, since the suit was brought well within the five years allowed for an action for breach of warranty. *Bird* v. *Smith*, 8 Ark. 368; *Smith* v. *Boynton Land & Lbr. Co.*, 131 Ark. 22, 198 S. W. 107. Nor is it material that Woody's possession at the time of the conveyance gave

notice of his claim, for the covenant of warranty is a protection against known, as well as unknown, defects of title. Jones, Arkansas Titles, § 397.

The stipulation recites that there has been no adjudication of title as between the purchasers and Woody, but there is no requirement that such a suit be brought by the vendee as a condition precedent to his action against the vendor for breach of warranty. *Heyn* v. *Ohman,* 42 Neb. 693, 60 N. W. 952; *Jones* v. *Richmond,* 88 Va. 231, 13 S. E. 414; cf. *Hoppes* v. *Cheek,* 21 Ark. 585. When the adverse claimant clearly has paramount title to the property nothing could be gained by requiring the purchaser to bring an action having no prospect of success, an action in which the plaintiff could not truthfully prepare a complaint stating a cause of action.

This stipulation recites that Woody is in adverse possession of the half lot and "claims to have had actual adverse possession since 1942." The appellee, having agreed to this language, is not in a position to contend that it states a mere conclusion of law. *Redman* v. *Hudson,* 124 Ark. 26, 186 S. W. 312. At the very least the stipulation must be taken to mean that Woody would testify to the ultimate facts recited, and this, as we have seen, is sufficient to establish a prima facie case for the plaintiffs. Since no other evidence was introduced at the trial the appellants' proof is undisputed.

The judgment is reversed, and, as the amount of the appellants' damages is agreed upon, judgment will be entered here in the sum of $716.67, with costs.