TIMMONS *v.* CITY OF MORRILTON.

5-1158                                                                    299 S. W. 2d 647

Opinion delivered February 25, 1957.

[Rehearing denied April 1, 1957.]

*E. H. Timmons, pro se,* for appellant.

*George F. Hartje* and *Phillip H. Loh,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an appeal by E. H. Timmons against three parties, being (1) Clyde Wallace; (2) George Brannan; and (3) the City of Morrilton. For each identification we will refer to the parties by name; and we will discuss separately the appeal of Timmons against each such party.

I. *The Appeal Of Timmons Against Wallace.* On October 19, 1955, Timmons filed a complaint in the Chancery Court against Clyde Wallace. Subsequently there were a number of amendments to the complaint, so that finally the allegations were: that on February 28, 1948, Clyde Wallace, for the consideration of $450.00 cash, conveyed to Timmons Lots 13, 14, 15, and 16 in Block 6 of Hamilton and Wilson's Addition to the Town of Lewisburg, Arkansas (a part of Morrilton); and that Clyde Wallace and his predecessors in title, some time between 1926 and 1948, erected obstacles and obstructions that prevented Timmons from full possession of the property described in the deed.

Wallace's answer was a general denial, plea of limitations, *laches,* and *res judicata.* At the trial a voluminous record was made, but the entire claim of Timmons against Wallace may be disposed of by noticing one defense — that is, limitations. Timmons introduced the original deed that Wallace executed to him. It was dated February 28, 1948, and was filed for record by Timmons on April 16, 1948, and duly recorded. Any obstruction or encroachments involving the property Wallace conveyed to Timmons existed prior to and at the time of the delivery of the deed and were visible and obvious, so there was a constructive eviction the day of the deed. Yet Timmons delayed from February 28, 1948 until October 19, 1955 before filing any action or suit of any kind against Wallace. The statute of limitations for breach of covenant is five years. See *Bird* v. *Smith,* 8 Ark.

368; and *Lampkin* v. *Long,* 226 Ark. 476, 290 S. W. 2d 623. The statute begins to run on the day of the breach of the quiet enjoyment. *Gibbons* v. *Moore,* 98 Ark. 501, 136 S. W. 937. When the land conveyed is at that time in possession of a stranger, the covenant is broken the date the deed is made, and limitations commences immediately. *Abbott* v. *Rowan,* 33 Ark. 593; *Van Bibber* v. *Hardy,* 215 Ark. 111, 219 S. W. 2d 435.

In the case at bar, any obstruction existed the day the deed was delivered, so limitations commenced that day and the action was barred at the expiration of five years. The deed was executed in 1948 and Timmons filed no suit against Wallace until this one in 1955, so Timmons was barred by limitations in the suit against Wallace. Therefore, the Chancery Court decree in favor of Wallace is affirmed.

II. *The Appeal Of Timmons Against Brannan.* Timmons filed suit in the Chancery Court against the City of Morrilton and Clyde Wallace on October 19, 1955, making numerous allegations about obstructions in the streets. On March 29, 1956, George Brannan filed his intervention, which stated, *inter alia*:

"Comes George Brannan and for his Intervention and Motion to Dismiss states:

"That plaintiff's pleadings filed herein contain certain allegations that involve intervenor's land, fences, and improvements, alleging, among other things, certain obstructions to streets in an area formerly known as Lewisburg, which is now purported to be a part of the City of Morrilton.

"That said obstructions complained of by plaintiff are fences which belong to intervenor individually, and some of which he owns jointly with plaintiff.

"That plaintiff has heretofore complained of said alleged obstructions. That said complaints have heretofore been thoroughly litigated by this court and the Supreme Court.

"That the case of *Timmons* v. *Brannan,* 219 Ark. 636, 244 S. W. 2d 136, was decided by the Supreme Court on the 3rd day of December, 1951. That a subsequent suit on the same issues between the same parties was decided by the Supreme Court on the 20th day of June, 1955. Said case is found in 225 Ark. 220, 280 S. W. 2d 393. That the intervenor and plaintiff are same parties that were involved in said suits. That the issues therein in reference to streets and obstructions are the same raised by plaintiff herein, and which have heretofore been adjudicated and decided by this Court and affirmed by the Supreme Court.

"That intervenor pleads *Res Judicata* to plaintiff's suit for the reason that it appears on the face of his pleadings that same has been heretofore adjudicated."

Timmons' full answer to the intervention reads as follows:

"Plaintiff denies that intervenor has any property rights that will be affected by reason of any allegations contained in plaintiff's complaint. Plaintiff admits that intervenor is the individual owner of the fences located in the public streets of Morrilton and which constitute a public and private nuisance. Plaintiff disclaims any right of ownership in fences situated in and across the public highways of the City of Morrilton, and cheerfully consents to the removal of any fences which prevent the use of the highways of the City of Morrilton."

At the trial on April 13, 1956, from which comes this appeal, the entire transcripts were introduced containing the complete records before the Arkansas Supreme Court in each of the cases of *Timmons* v. *Brannan*— that is, 219 Ark. 636, 244 S. W. 2d 136; and 225 Ark. 220, 280 S. W. 2d 393. It is beyond peradventure of a doubt that three of the streets claimed in the present suit to be obstructed were the same streets involved in the two previous cases. The Trial Court made this finding in the decree in this case:

"(a) . . . the testimony, including the admitted testimony of the plaintiff, E. H. Timmons, shows

that three of the street obstructions herein sought by this action to be caused to be removed were the identical obstructions and fences heretofore litigated in this Court in the case of *E. H. Timmons* v. *George Brannan* and thereafter decided by the Supreme Court of Arkansas on the 20th day of June, 1955, and reported in Law Reporter Vol. 99 No. 18, at page 637. That by reason thereof, the plea of the intervener, George Brannan, of *res adjudicata* should be sustained and

"(b) that the testimony of the plaintiff is otherwise insufficient to entitle the plaintiff to the relief sought against the intervener, George Brannan."

There is no need for us to state again, in this third case of *Timmons* v. *Brannan,* the applicable rules of *res judicata* that were stated in the second case of *Timmons* v. *Brannan, supra.* We affirm the present decree of the Chancery Court involving the issues between Timmons and Brannan.

III. *The Appeal Of Timmons Against The City Of Morrilton.* On October 19, 1955, Timmons filed suit against the City of Morrilton, alleging that he (Timmons) owned certain described property that abutted on named streets in the City, and that the City was permitting the said streets to be obstructed, with the result that Timmons was deprived of ingress to, or egress from, his property. The prayer was that the City be enjoined from permitting the said obstructions to remain.

These were the same streets involved in the case of Timmons against Wallace which we have already discussed in Topic I; and also these were the same streets involved in the Brannan cases, which we have already discussed in Topic II. It is obvious that Timmons' claims against the city must fail when his claims fail — as they have — against Wallace and against Brannan. So, without discussing other reasons, we affirm the appeal of Timmons against the City of Morrilton because he has had his day in Court against the other interested litigants involving the same issues.