DUCKWORTH *v.* WILLIAMS.

5-3434                                      386 S. W. 2d 234

Opinion delivered February 1, 1965.

*Rhine & Rhine,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

GEORGE ROSE SMITH, J. This dispute between adjoining landowners involves the asserted obstruction of natural watercourses. The appellants, whose land lies

north of the appellees' forty acres, brought this suit to compel the appellees to remove three low earthen levees that they built near the northern border of their land in 1962. The defendants denied that the levees interfered with any natural watercourse. The chancellor specifically found that no natural watercourse had been obstructed, but he afforded the plaintiffs some relief by directing that the defendants, at the plaintiffs' expense, clean out two clogged ditches on the defendants' land that formerly provided drainage for the plaintiffs' property. The issue here is whether natural watercourses were shown to exist.

We do not find the decree to be against the weight of the evidence. The question is essentially one of fact, for the parties are not in disagreement about what constitutes a natural watercourse. It may be defined as a running stream flowing in a particular direction and having a definite channel that lies in a bed between discernible banks. A watercourse usually discharges itself into some other stream or body of water. It may sometimes be dry. Such a watercourse is to be distinguished from mere surface water that spreads over the face of the tract of land in question after heavy rains. See *Brasko* v. *Prislovsky*, 207 Ark. 1034, 183 S. W. 2d 925.

The plaintiff Duckworth, together with a civil engineer and a lay witness, testified that either two or three natural watercourses had been blocked by the levees. There is, however, much testimony to the contrary. To begin with, this engineer estimated that the controversy involved a drainage area of about 300 acres. We find it difficult to believe that such a small watershed, amounting to less than half a square mile, could give rise to anything more than the temporary running off of surface water in periods of wet weather. At one point in his testimony the engineer stated that in his opinion "this water, at one time, flowed over an area some 400 feet wide." There is other testimony, especially with respect to the appellees' land, indicating that the waters have not been confined to definite channels having a visible bed lying between perceptible banks.

Both sides introduced a number of photographs, which we find to be especially persuasive. These pictures portray the appellants' land as a fairly level field devoted to the cultivation of row crops. Although the appellants produced a number of photographs, it is significant that there is not a single picture of anything that appears to meet the definition of a natural watercourse. If such positive and convincing proof had been available it would surely have been offered. Yet the only bodies of water that appear in the photographs are pools of standing water that seem to be merely the accumulation of rain water in low places at the edge of the appellants' land.

If the case merely involves surface water, as the proof indicates, the appellees were entitled to protect themselves against it unless in doing so they unnecessarily injured the appellants. *Honey* v. *Bertig Co.*, 202 Ark. 370, 150 S. W. 2d 214. In our opinion the preponderance of the evidence shows that the appellants' land was formerly drained by a natural or man-made ditch that collected the water and cast it into one of the clogged ditches referred to in the chancellor's decree. There appears to have been no drainage problem between these neighbors until the appellant Duckworth filled up and leveled the ditch on his own land. It was only then that the appellees resorted to levees to fend off the surface water that was being cast upon their land. We cannot say that the appellees "unnecessarily" damaged the appellants, for it was the appellants themselves who brought about the condition they now complain of.

Affirmed.