**J. H. PEPPER, Appellant,**

v.

**BANKERS LIFE AND CASUALTY COMPANY, Appellee.**

No. 19481.

United States Court of Appeals
Eighth Circuit.

Aug. 6, 1969.

Bernard Whetstone, Little Rock, Ark., for appellant.

Dennis L. Shackleford, of Shackleford & Shackleford, El Dorado, Ark., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal from final judgment dismissing plaintiff Pepper's complaint upon motion of defendant, Bankers Life and Casualty Company, upon the ground of res judicata. Jurisdiction based upon diversity of citizenship is established.

The Trial Court held that the cause of action in the present case is the same cause of action finally adjudicated adversely to Pepper in a prior action brought in the same Court by the same parties. In that case, the jury found for the defendant and the case was dismissed. Such judgment was affirmed upon appeal. Pepper v. Bankers Life and Casualty Company (8 Cir.) 387 F.2d 248. The controlling issue upon this appeal is whether the plaintiff is barred by res judicata from prosecuting the present action. We hold the Trial Court properly gave an affirmative answer on this issue and we affirm.

As we pointed out in Engelhardt v. Bell & Howell Co. (8 Cir.), 327 F.2d 30, the broad term res judicata is used to cover a number of situations. Res judicata here relied upon is of the broad type which we have previously labeled as claim preclusion.

The law of res judicata as it relates to claim preclusion is well settled. The rule is well stated in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, as follows:

"The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment."

In Towle v. Boeing Airplane Company (8 Cir.), 364 F.2d 590, 592, we said:

"The law of res judicata/claim preclusion is well established. Whenever

a court having jurisdiction has rendered a final judgment upon the merits of a cause of action, that judgment is binding upon the parties and their privies not only as to every matter that was litigated but also to every matter which could have been litigated. In event of subsequent litigation upon the same cause of action, the parties and their privies are precluded from receiving relief."

Such is also the law of Arkansas. In Timmons v. Brannan, 225 Ark. 220, 280 S.W.2d 393, 394, the Arkansas court holds:

"The test is not whether the matters in the second suit were actually litigated in the former suit between the parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit."

See Missouri Pacific R. Co. v. McGuire, 205 Ark. 658, 169 S.W.2d 872, 874, and Meyer v. Eichenbaum, 202 Ark. 438, 150 S.W.2d 958, 959.

■ The record in Pepper's first suit was before the Trial Court and is part of the record before us. We are convinced the cause of action asserted in the present suit is the same cause of action that was asserted in the prior suit. In both actions recovery is sought on the $25,000 permanent total disability provision of a group life insurance policy issued by the defendant to Dow Chemical Company for the benefit of its employee Pepper. All parties agree the policy was in full force at all times here material. In both actions Pepper asserts that the accidental injury which caused the permanent disability arose out of the same event—exposure to extreme cold while working for Dow Chemical Company in November of 1964. The only difference of substance in the complaints in the two actions is that in the first action it was claimed the disability became permanent in February or March of 1965, whereas in the present action he claims that the disability became progressively worse culminating in permanent disablement in November 1965.

Pepper contends that the causes of action are not the same because different dates are alleged with respect to the time the disability became permanent. Pepper urges that his cause of action in the present suit had not matured at the time his prior suit was adjudicated. He states that under the policy he was required to prove that permanent disability continued for twelve months and that under his claim in the present action, the permanent disablement stage was not reached until November 1965 and that hence the permanent disability had not existed continuously for a twelve-month period at the time the prior case was tried in October 1966.

Under the express terms of the policy the total permanent disablement for the accidental injury must result "within 365 days after the date of the accident" and "payment cannot be made until the expiration of a period of twelve months from the date of the accident". The policy contains no provision, expressed or implied, requiring twelve months permanent disability as a prerequisite to recovery. The first action was commenced on July 5, 1966, more than nineteen months after the accident. By that time the twelve-months from the date of the accident limitation of payment had passed and the 365-day period from the date of the accident within which the permanent injury must occur had also expired. Thus, any causes of action for the permanent disability resulting from the accident had fully matured. We hold the judgment in the first case which we affirmed upon appeal adjudicated and terminated plaintiff's cause of action not only with respect to issues actually tried, but also with respect to issues which could have been tried.

Plaintiff's reliance upon United States Fid. & Guar. Co. v. McCarthy (8 Cir.), 33 F.2d 7, is misplaced., Such case holds that with respect to periodic disability payments provided by the policy, the adjudication of permanent disability at the time some payments are due has no res

judicata effect with respect to a claim for disability payments subsequently falling due. In our present case, a single lump sum payment of $25,000 is provided for the requisite permanent and total disablement and any right that might exist to such coverage had fully matured at the time of the filing of the prior action.

The judgment is affirmed.