ALVIE DAVIS ET AL v. CLARENCE
MAYWEATHER ET AL

73-206                                                   504 S.W. 2d 741

Opinion delivered February 4, 1974

*Wayne R. Foster,* for appellants.

*Moses, McClellan, Arnold, Owen & McDermott,* by: *William L. Owen,* for appellees.

GEORGE ROSE SMITH, Justice. This is a dispute between two sets of tenants in common concerning the title to the south half of a certain lot in Little Rock. The trial court, sitting without a jury, held that the appellees had acquired title to the appellants' undivided one-half interest in the property by adverse possession. For reversal the appellants contend that there is no substantial evidence in the record to support the court's finding. We agree with that contention.

The property was formerly owned by William L. Patterson, who died in about 1933, without descendants. At Patterson's death an undivided one-half interest in the property passed to his widow. That interest eventually vested in the appellees. The other undivided one-half interest passed to the descendants of Patterson's deceased sister. That interest eventually vested in the appellants.

The appellees or their predecessors in title took possession of the property at least as early as 1954 and continued to live upon it until the present eminent domain proceeding was filed by the Little Rock Housing Authority in November, 1971. The Housing Authority, in seeking to acquire the fee simple title to the property, joined all the cotenants as defendants. The appellants filed their answer on January 10, 1972, asserting title to a half interest in the property. Later on the appellees filed an answer asserting title to the whole parcel by adverse possession.

Although the appellees or their predecessors were in possession of the property from 1954 until 1971, the continuity of their possession was effectively interrupted by a partition suit which resulted in a judgment entered in the Pulaski Circuit Court on July 30, 1964. Apparently the trial court in the case at bar failed to give proper weight to that judgment. The earlier judgment found specifically that the successors in interest of William L. Patterson's widow were the owners of a half interest in the land and that the successors in interest of Patterson's

sister were the owners of the other half interest. Upon that finding the court ordered a partition of the property and appointed three commissioners for that purpose. As far as this record shows, the partition order was never carried into effect.

It is familiar law that a judgment establishing the ownership of land is conclusive upon the parties with respect to all questions that were or should have been put in issue in the case. *Lillie* v. *Nunnally,* 211 Ark. 202, 199 S.W. 2d 751 (1947). Hence the effect of the 1964 judgment was to extinguish any claim of adverse possession that might then have been asserted and to establish that the two sets of heirs were tenants in common of their respective half interests in the property.

There is no substantial evidence in this record to support a finding that the appellees acquired title by adverse possession after the entry of the 1964 judgment. The appellees' proof merely shows that they continued in possession of the land and paid the taxes upon it. As between tenants in common those facts do not establish hostility of possession. *Smith* v. *Kappler,* 220 Ark. 10, 245 S.W. 2d 809 (1952). "For possession by one tenant [in common] to be adverse to his co-tenants, the knowledge of such adverse claim must be brought home to the co-tenants, either directly or by such acts that notice may be presumed." *Woolfolk* v. *Davis,* 225 Ark. 722, 285 S.W. 2d 321 (1955). There is no proof that the appellees brought home to the appellants any such notice of an adverse claim between July 30, 1964, the date of the former judgment, and January 10, 1965, the date which was seven years before the appellants asserted their claim of title in the case at bar. Quite the contrary, Edgar Mayweather, the only one of the appellees who testified in the court below, stated that the judgment of partition was not carried into effect because the appellees were trying to buy out the owners of the other half interest. That attitude was of course a recognition of the cotenants' ownership rather than a denial of it.

The judgment is reversed, and since the title to land is involved the cause is remanded for the entry of a judgment consistent with this opinion.